IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| United States of America,             )<br>                                                  )<br>         Plaintiff,                           )<br>                                                  )<br>vs.                                             )<br>                                                  )<br>Jose Rios, a/k/a Jose Guadalupe Michel  )<br>Rios, a/k/a Jose Guadalupe Michel, a/k/a )<br>Guadalupe Jose Rios,                    )<br>                                                  )<br>         Defendant.                        ) | **ORDER ON PRETRIAL MOTIONS**<br><br>Criminal No. 3:08-cr-151-03 |

Before the Court are a Motion for Severance from Prejudicial Joinder and a Motion for Additional Discovery filed by Defendant Jose Rios (Docs. #201, #203). The United States has filed briefs in opposition (Docs. #216, #218).

**I.  Motion for Severance from Prejudicial Joinder**

Defendant seeks to sever his trial from all other co-defendants in this case, arguing that he may be denied access to the exculpatory testimony of Miguel Chavez, that statements made by co-defendant Cody Delong create a possible Bruton problem, and that he may be found guilty by association. The United States responds that it will not introduce at trial any out-of-court statements by co-conspirators that directly implicate Defendant, and thus there will be no Bruton violation. The United States further responds that Defendant cannot show prejudice sufficient to justify severance for trial, and therefore the motion should be denied.

Rule 14(a), Fed. R. Crim. P., allows a district court to sever properly joined defendants for trial if the joinder appears to prejudice either a defendant or the government. See Fed. R. Civ. P. 14(a). "[T]he joinder and severance rules 'are designed to promote economy and efficiency and to

1

avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" United States v. Blaylock, 421 F.3d 758, 766 (8th Cir. 2005) (quoting Zafiro v. United States, 506 U.S. 534, 540 (1993)). "Only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." United States v. Al-Esawi, 560 F.3d 888, 891 (8th Cir. 2009).

The Eighth Circuit has held that co-conspirators should generally be tried together, particularly where proof of the charges against them is based upon the same evidence and acts. See Blaylock, 421 F.3d at 766; United States v. Adams, 401 F.3d 886, 895 (8th Cir. 2005). Indeed, "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." United States v. Frazier, 280 F.3d 835, 844 (8th Cir. 2002). Severance is not required merely because evidence which is admissible only against some defendants may be damaging to others. United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996). "As a practical matter, disparity among the defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than to respond with some less drastic measure such as a curative instruction." United States v. Spotted Elk, 548 F.3d 641, 658 (8th Cir. 2008). Furthermore, severance is not required merely because other co-defendants may engage in disrespectful behavior in court. Delpit, 94 F.3d at 1143-44.

A defendant who moves for a severance must show "real prejudice," which requires something more than the mere fact that he would have had a better chance for acquittal if he had been tried separately. Blaylock, 421 F.3d at 766. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one

of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 538.

Applying the foregoing principles to the facts of this case, the Court concludes that severance of Defendant's trial from that of his co-defendants is not warranted. Defendant is charged with involvement in a large-scale drug conspiracy that allegedly distributed more than 50 kilograms of methamphetamine in North Dakota. Although several co-defendants are also charged with other crimes, most notably Miguel Chavez, who is charged with continuing criminal enterprise, the charges against all defendants arise out of the operation of the same drug distribution organization. The fact that Defendant is not charged in all counts, or that some of the evidence will not implicate him, does not rise to the level of substantial prejudice required to justify severance. Nor is the fact that co-defendants may exercise their right to self-representation and thereby create a "disruptive courtroom experience" sufficient to justify severance. See Def.'s Br. in Supp. of Mot. for Severance, at 5. The Court is convinced that appropriate cautionary instructions to the jury about weighing the evidence separately as to each defendant will cure any prejudice that may result from a joint trial of co-defendants in this case.

As to Defendant's argument that a separate trial is required so he may call co-defendant Miguel Chavez as an exculpatory witness, he has presented no evidence, in affidavit or other form, showing that Chavez actually will testify at his trial or that any such testimony would be exculpatory in nature. See Blaylock, 421 F.3d at 766 (holding that a defendant seeking severance for this reason must establish the likelihood that his co-defendant actually would have testified and that his testimony would have exculpatory). Furthermore, as to Defendant's claim of a Bruton problem, the United States has informed the Court that it will not introduce any statements at trial which violate

3

Bruton. The Court also notes that co-defendant Cody Delong has now pleaded guilty to his involvement in the conspiracy, and therefore it appears likely that he will be available to testify at trial. Based on the representations of the United States about the nature of the statements it intends to introduce at trial, the Court finds there is no Bruton issue that would require severance of Defendant from a joint trial. See United States v. High Elk, 442 F.3d 622, 625 (8th Cir. 2006) ("Bruton is grounded on the Sixth Amendment right to confrontation and prohibits the admission of an out-of-court confession by a nontestifying defendant implicating a co-defendant by name in the crime.").

After carefully considering all the facts and circumstances of this case, the Court concludes Defendant has not shown that his right to a fair trial will be substantially prejudiced by a joint trial with his co-defendants. This is not the type of rare case in which severance of the trials of alleged co-conspirators may be warranted, and therefore Defendant's Motion for Severance from Prejudicial Joinder is **DENIED**.

### II.  Motion for Additional Discovery - Bias of Government Witnesses

Defendant has also filed a Motion for Additional Discovery. Defendant seeks an order compelling the United States to provide certain information about its witnesses, including any evidence of bias or prejudice, prior criminal acts, ongoing investigations into criminal or official misconduct, medical or psychiatric evaluations which show an impaired ability to testify, or any drug use or alcoholism. Defendant further requests that the United States review the personnel files of prospective witnesses to determine whether there is any impeaching information contained therein. The United States responds that it has provided Defendant with all materials to which he

is entitled by law, including all Brady and Giglio materials, along with some additional discovery materials in accordance with its open discovery policy.

It appears to the Court that the United States has provided Defendant with all discovery required by applicable rules, statutes, and case law, including Brady and Giglio materials. See United States v. Van Brocklin, 115 F.3d 587, 594 (8th Cir. 1997) ("It is the prosecutor's duty to examine documents to determine whether they contain Brady material."). The United States has no duty to disclose any additional information requested by Defendant which it does not have. United States v. Dierling, 131 F.3d 722, 736 (8th Cir. 1997). Therefore, because the United States has already complied with the disclosure requirements regarding government witnesses, Defendant's Motion for Additional Discovery is **DENIED AS MOOT**. The Court notes that the United States has a continuing obligation to disclose Brady and Giglio materials to the Defendant, and it is hereby **ORDERED** that the United States shall continue to comply with the Stipulated Discovery Order and all other applicable laws governing discovery.

**IT IS SO ORDERED.**

Dated this 1st day of May, 2009.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court